O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE JESUS OLVERA GONZALEZ, | ) ) ) | Case No. EDCV 13-1825-RGK (OP) |
| Petitioner, | ) ) ) | MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT |
| v. | ) ) | OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE |
| RICK HILL, | ) ) | |
| Respondent. | ) ) | |

## I.

## INTRODUCTION

On October 1, 2013, Jose Jesus Olvera Gonzalez ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] (ECF No. 1.)

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have turned the

(continued...)

1

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner was not entitled to relief in the district court.  Specifically, the Court finds that the Petition is subject to dismissal as a successive petition.

## II.

## PROCEDURAL HISTORY

On June 17, 2004, Petitioner was convicted, after entering guilty pleas in the Riverside County Superior Court, case number RIF103784, of driving under the influence and causing death or bodily injury to another person (Cal. Veh. Code § 23153(a)) and two additional people (Cal. Veh. Code § 23558) (Count Five), driving with a blood alcohol concentration of 0.08 percent or more and causing death or bodily injury to another person (Cal. Veh. Code § 23153(b)) and two additional people (Cal. Veh. Code § 23558) (Count Six), and driving without a valid driver's license (Cal. Veh. Code § 12500(a)) (Count Seven).  On June 24, 2004, Petitioner was convicted, after a jury trial in the same case, of murder (Cal. Pen. Code § 187(a)) (Count One) and gross vehicular manslaughter while intoxicated with two prior convictions for driving under the influence (Cal. Pen. Code § 191.5(d)) (Count Two).  On July 28, 2004, Petitioner was sentenced to a total state prison term of nineteen years to life.  (People v. Gonzalez, No. E036413, 2005 WL 1970255, at *1 (Cal. App. Aug. 16, 2005).)

On direct appeal to the California Court of Appeal, Petitioner's counsel filed a request for an independent review of the record pursuant to People v. Wende, 25 Cal.3d 436 (1979) and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  On August 16, 2005, after examining the entire record, the

---

[1](...continued)
Petition over to the prison authorities for mailing.

1   court of appeal determined that no arguable issues existed and affirmed the

2   judgment.  (<u>Gonzalez</u>, 2005 WL 1970255, at *1; Official Records of California

3   Courts.[2])

4         Although Petitioner claims he filed a petition for review in the California

5   Supreme Court, the Court's independent review of the state courts' website did not

6   reveal such a filing by Petitioner.  (Official Records of California Courts.)

7         On January 8, 2006, Petitioner constructively filed a habeas corpus petition

8   in the California Supreme Court, case number S140278.  On September 27, 2006,

9   the supreme court denied the petition.  (Official Records of California Courts.)

10         On December 4, 2006, Petitioner filed a second habeas corpus petition in the

11   California Supreme Court, case number S148504.  On May 23, 2007, the supreme

12   court denied the petition with citation to <u>In re Clark</u>, 5 Cal. 4th 750 (1993).

13   (Official Records of California Courts.)

14         On June 21, 2007, Petitioner filed a § 2254 petition in this District

15   challenging the same conviction herein.  (EDCV 07-760-RGK (OP) ECF No. 1.)

16   On May 18, 2010, Judgment was entered denying the petition and dismissing the

17   action with prejudice.  (<u>Id.</u> ECF No. 23.)

18         On November 9, 2010, Petitioner filed a habeas corpus petition in the

19   Riverside County Superior Court.  On November 30, 2010, the superior court

20   denied the petition.  (EDCV 11-1645-RGK (OP) ECF No. 1 Ex. M.)

21         On April 27, 2011, Petitioner filed a habeas corpus petition in the California

22   Court of Appeal, case number E053438.  On May 27, 2011, the court of appeal

23   denied the petition.  (<u>Id.</u> at 4, Ex. O; Official Records of California Courts.)

24         Although Petitioner claims he filed another habeas corpus petition in the

25

26       [2]  The Court takes judicial notice of the state appellate court records for

27   Petitioner's cases, which are available on the Internet at http://appellatecases.
courtinfo.ca.gov.  <u>See</u> <u>Smith</u>, 297 F.3d at 815 (federal courts may take judicial

28   notice of relevant state court records in federal habeas proceedings).

California Supreme Court, the Court's independent review of the state courts' website did not reveal any additional filings by Petitioner.  (<u>Id.</u> at 4; Official Records of California Courts.)

On July 26, 2011, Petitioner filed another § 2254 petition in this District challenging the same conviction herein.  (EDCV 11-1645-RGK (OP) ECF No. 1.) On December 5, 2011, Judgment was entered denying the petition and dismissing the action with prejudice.  (<u>Id.</u> ECF No. 9.)

### III.

### <u>DISCUSSION</u>

**A.    <u>Standard of Review</u>.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States.  <u>See</u> 28 U.S.C. § 2254(a).  The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief.  <u>See</u> 28 U.S.C. § 2243.  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus

application under section 2254 that was not presented in a prior
application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new
> rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was
> previously unavailable; or
> (B)(i) the factual predicate for the claim could not have
> been discovered previously through the exercise of due
> diligence; and
> (ii) the facts underlying the claim, if proven and viewed
> in light of the evidence as a whole, would be sufficient to
> establish by clear and convincing evidence that, but for
> constitutional error, no reasonable factfinder would have
> found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this
section is filed in the district court, the applicant shall move in the
appropriate court of appeals for an order authorizing the district court
to consider the application.

28 U.S.C. § 2244(b).

Generally speaking, a petition is second or successive if it raises claims that
were or could have been adjudicated on the merits in a previous petition.  Cooper
v. Calderon, 274 F.3d 1270, 1273 (9th  Cir. 2001).  Moreover, although a dismissal
based upon the statute of limitations does not include an examination of the merits
of the underlying substantive claims presented in the petition, such a dismissal is
considered an adjudication of the merits for purposes of determining whether a
subsequent petition is successive under the AEDPA.  McNabb v. Yates, 576 F.3d
1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time
barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and

5

1  renders a subsequent petition second or successive for purposes of 28 U.S.C. §

2  2244(b)); <u>Reyes v. Vaughn</u>, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

3         As set forth above, before a second or successive application permitted

4  under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the

5  appropriate court of appeals for an order authorizing the district court to consider

6  the application.  28 U.S.C. § 2244(b)(3)(A).  Furthermore, "[a] district court shall

7  dismiss any claim presented in a second or successive application that the court of

8  appeals has authorized to be filed unless the applicant shows that the claim satisfies

9  the requirements of this section."  28 U.S.C. § 2244(b)(4); <u>see also</u> <u>Cooper</u>, 274

10  F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b),

11  district court lacks jurisdiction to consider petition absent authorization from court

12  of appeals) (citations omitted).

13  **B.**     **<u>Analysis.</u>**

14         It appears from the face of the Petition that Petitioner is challenging the

15  same 2004 Riverside County Superior Court conviction, case number RIF103784,

16  as the prior § 2554 petitions filed in this District.  (<u>Compare</u> EDCV 13-1825 ECF

17  No. 1; EDCV 11-1645 ECF No. 1; EDCV 07-760 ECF No. 1.)  On May 18, 2010,

18  Judgment was entered denying the first petition and dismissing the action with

19  prejudice.  (EDCV 07-760 ECF No. 23.)  Petitioner filed a notice of appeal from

20  that Judgment.  (<u>Id.</u> ECF No. 25.)  However, Petitioner's request for a certificate of

21  appealability was denied by the Ninth Circuit.  (<u>Id.</u> ECF No. 29.)  On December 5,

22  2011, Judgment was entered denying the second petition and dismissing the action

23  with prejudice.  (EDCV 11-1645 ECF No. 9.)  Petitioner did not file a notice of

24  appeal from that Judgment or request the issuance of a certificate of appealability

25  was denied by the Ninth Circuit.

26         In the current Petition, Petitioner seeks to raise numerous additional claims

27  that were not presented in his prior § 2254 petitions.  (EDCV 13-1825 ECF No. 1

28  at 9-14.)  Since the current Petition is successive, Petitioner must seek an order

1  from the Ninth Circuit Court of Appeals authorizing this Court to consider the

2  Petition.  28 U.S.C. § 2244(b)(3)(A).  This Court finds no indication that Petitioner

3  has obtained such approval prior to the filing of the current Petition.  Thus, this

4  Court lacks jurisdiction to address the merits of the Petition.  See 28 U.S.C. §

5  2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite

6  authorization to file a second or successive § 2254 petition from the circuit court

7  deprives the district court of jurisdiction).

## IV.

## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed

without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this

Order.

DATED: November 4, 2013

_____
HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

7